PER CURIAM
*269 Defendant appeals a judgment of conviction on one count of interfering with a peace officer, ORS 162.247, and one count of second-degree criminal trespass, ORS 164.245, both misdemeanors. We reject defendant's first four assignments of error without discussion, and we write only to address his fifth assignment, in which he argues that the trial court committed plain *501 error by not entering a judgment of acquittal on the count of interfering with a peace officer.[1] According to defendant, his conduct-merely refusing to obey an order to leave the airport-was "passive resistance" as a matter of law and therefore could not have constituted the crime of interfering with a peace officer. See ORS 162.247(3) (the provision criminalizing interfering with a peace officer "does not apply in situations in which the person is engaging in: * * * (b) Passive resistance"); State v. McNally , 361 Or. 314, 339, 392 P.3d 721 (2017) ("[W]e hold that the phrase 'passive resistance' in ORS 162.247 refers to noncooperation with a lawful order of a peace officer that does not involve active conduct."); State v. Washington , 286 Or. App. 650, 658, 401 P.3d 297 (2017) (holding that, under McNally , the defendant was entitled to a judgment of acquittal where the state produced no evidence that the defendant's noncooperation involved violence or active measures).
The state concedes that, in light of McNally and Washington , which were decided after defendant's trial, he was entitled to a judgment of acquittal with regard to the charge of interfering with a peace officer. The state further concedes that, because defendant was prosecuted on an incorrect legal theory, we should exercise our discretion to correct the error. We agree with the state in both respects and, for reasons similar to those expressed in State v. Reynolds , 250 Or. App. 516, 518, 522-27, 280 P.3d 1046, rev. den. , 352 Or. 666, 293 P.3d 1045 (2012), we exercise our discretion to correct the error.[2]
*270 Conviction for interfering with a peace officer reversed; otherwise affirmed.

Defendant's sixth assignment of error concerns the jury instructions with regard to the charge of interfering with a peace officer. In light of our conclusion that defendant was entitled to a judgment of acquittal on that count, we need not address his sixth assignment.

ORS 138.257(4)(a)(A), which was enacted in 2017, provides that the appellate court shall remand to the trial court "[i]f the appellate court, in a case involving multiple convictions, reverses at least one conviction and affirms at least one other conviction." However, because the judgment in this case was entered before the effective date of that statute, January 1, 2018, it does not govern our disposition. Or. Laws 2017, ch. 529, § 28.